J. B. COCHRAN v. T. J. PATILLO ET AL.

Delivered June 18, 1897.

1. **Mandamus—Insufficiency of Petition For.**

A petition for a mandamus to compel the authorities of a public school to reinstate a pupil therein, alleging that the pupil had been wrongfully suspended and dismissed therefrom, but failing to state the grounds of such dismissal, is insufficient to authorize a grant of the writ.

2. **Same—Does Not Lie to Control Public School Officers, When.**

A petition for mandamus to compel certain public school authorities to reinstate a pupil in the public schools, which fails to show that application was made to any of the school authorities to have the pupil reinstated, does not show a case that would authorize the writ.

APPEAL from Harris. Tried below before Hon. JOHN G. TOD.

*I. H. Oliver* and *C. H. Mitchner*, for appellant.

*John S. Stewart*, for appellee.

GARRETT, CHIEF JUSTICE.—J. B. Cochran brought this suit in his own right and as next friend for his minor son, Schamyl Cochran, against T. J. Patillo and others, teachers and officers of the public schools of the city of Houston, to compel them to reinstate the son in one of the schools of the city, from which it was alleged he was wrongfully dismissed. The judge granted an alternative writ of mandamus, and afterwards, on a hearing of the case, rendered judgment in favor of the defendants, denying the application, vacating the previous order, and for costs.

The petition complained of T. J. Patillo as principal of the Longfellow school, W. S. Sutton as superintendent of the public schools of the city of Houston, and of H. B. Rice and others as the trustees thereof. Plaintiff J. B. Cochran represented that he and his son were residents of the city of Houston, and that he was a taxpayer and legal voter therein; that Schamyl had been a pupil attending the public schools of Houston at the Longfellow school for two years last past, resided within two blocks of the building, and was in the fourth grade; that on February 16, 1897, T. J. Patillo, acting by and with the consent and advice of W. S. Sutton, the superintendent, and by the authority of the trustees, suspended and dismissed the said Schamyl from the said public schools; that the dismissal was wrong and unjust, and was calculated to do the boy a great injury and irreparable loss, in the prosecution of his studies and in every way; that the said Schamyl was only 10 years old, and still resided at his father's home in the city of Houston; that the school session was progressing, and the classes and classmates of the said Schamyl were advancing, and he was losing the advantages of the schools and classes suited to his age and attainments, and to be perpetually denied those advantages would cause him great and irreparable loss and injury.

The answer consisted (1) of a general demurrer; (2) of a denial that the

boy had been suspended or refused attendance upon the public schools; and (3) that mandamus would not lie, because the plaintiffs had not exhausted their legal remedy of appeal to the school authorities.

The averment of the petition that the suspension of the pupil was wrong and unjust was only a conclusion of the pleader. All of the facts should have been set forth, so that it might appear whether or not the suspension was wrong. Having failed to do so, the petition was fatally defective, in that it showed no cause of action, even if the plaintiff should not be required to exhaust his remedy by application to the school authorities before he would be entitled to a mandamus.

The school law provides a system for the control and management of the public schools of the State by officers and boards, whose duties are to see that the law is properly administered, and that no pupil is wrongfully deprived of the right to enjoy the benefits of the schools. There is no pretense by any averment in the petition or any fact in evidence that application was made to any of the school authorities to have the boy reinstated. No case was shown that would authorize an interference by the courts with the management of the schools in the way provided by law. Benevolent Association v. Benson, 76 Texas, 552; Cullen v. Litimer, 4 Texas, 329; Arberry v. Beavers, 6 Texas, 457; Nance v. Johnson, 84 Texas, 401.

For the reasons stated, the plaintiffs did not show themselves entitled to the relief sought. Consequently the insufficiency of the answer as complained of does not help the plaintiff's case. If the facts alleged in the petition should be admitted, they show no cause of action. The case of Sanson v. Mercer, 68 Texas, 488, shows what the requirements of pleading are in such cases.

The judgment of the court below will be affirmed.

*Affirmed.*