Thomas M. McClure et al. v. Calvin Bryant et al.

Delivered January 26, 1898.

**1. Sale of Land—Rescission—Vendor's Lien.**

After personal judgments have been recovered against the vendee of real property who received a bond for title, upon purchase money notes given by him and sold to the judgment creditor, the vendee becomes the legal owner of the land, subject to an enforcement of the vendor's lien by the holder of the judgments.

**2. Community Property—Gift by Husband.**

A husband can not by gift divest the heirs of his deceased wife of their one-half interest in judgments assigned by one to their daughter, where the consideration for the transfer was the conveyance of community property.

**3. Limitation—Resulting Trust.**

A conveyance made to an heir in consideration of the discharge of judgments held by her, but in which other heirs are interested, establishes a resulting trust in their favor against which the statute of limitations will run upon repudiation of the trust, except as against those disabled by coverture.

APPEAL from Anderson. Tried below before Hon. T. B. GREEN-WOOD, JR., Special Judge.

*Word & Gooch,* for appellants.

No brief for appellees reached the Reporter.

NEILL, ASSOCIATE JUSTICE.—This is an action of trespass to try title, brought in the ordinary form, on the 29th day of March, 1895, by Thos. McClure, Mrs. Minnie I. McClure, surviving wife of Alexander I. McClure and mother and next friend of their minor children, Joe Ellen, Robert Allison, and Leonora R. McClure, and R. W. Broyles, and his wife Georgia V. Broyles, for themselves, and as next friends of the minor children of Wm. G. McClure and his wife Annie E. McClure, who are Glenn and Zula McClure, against the Palestine Water Works and Power Company and other parties including appellees Calvin Bryan, R. Naismith, R. Naismith, Jr., A. G. Friddell, A. L. Friddell, and John H. Friddell, to an undivided five-sevenths of 113 acres of land, a part of the J. Snively quarter league situated in Anderson County, which is in their original petition described by metes and bounds. The plaintiffs claim title thereto as the heirs and distributees of A. E. McClure and his wife Ann E. McClure, both deceased.

A severance was granted as to defendants, who are appellees herein, in their application.

Their answers contain pleas of not guilty, general denial, innocent purchasers for value, improvements in good faith, the several statutes of limitations of three, five, and ten years of the several tracts of land respectively claimed by them and described in their answers. Each disclaimed as to all the land not described and claimed in his answer.

Appellants, plaintiffs below, by supplemental petition filed January 20, 1896, set up coverture of Georgia V. Broyles and minority of Glenn and Zula C. McClure, and of Joe Ellen, Robert Allison, and Leonora R. McClure, and also to Thomas McClure in avoidance of defendants' pleas of limitation.

The case was tried by the court, without a jury, on January 25, 1897, and judgment was rendered in favor of appellees R. Naismith and Robt. Naismith, Jr., for the parcels of land claimed by them respectively in their answer, and against all the plaintiffs in favor of defendants Calvin Bryant, John H. Friddell, A. G. Friddell, and A. L. Friddell for the parcels of land respectively claimed by them against all the plaintiffs except Georgia V. Broyles, for whom the court entered judgment against the last named defendants for an undivided one-fourteenth of the respective tracts of land claimed by them, and for her costs of suit. Judgment was also rendered in favor of plaintiffs against defendants for the balance of the land sued for and not claimed by any of these appellees.

The trial judge filed his conclusions of law and fact, to which the

plaintiffs excepted, and have appealed from the judgment rendered against them.

*Conclusions of Fact.*—While we concur in all of the findings of fact made by the trial judge, and deem them fully supported by the evidence, we deem it only necessary to reiterate such of them here as are necessary to a disposition of this case.

Alexander E. McClure, the common source of title under whom all the parties claim, purchased the land in controversy at an administrator's sale in October, 1857, but the deed from the administrator was not made to him until January 31, 1860. There is a regular chain of title from the sovereignty of the soil down to him.

Upon March 2, 1859, Alexander E. McClure executed to Shelby Crawford his title bond whereby he bound himself in the sum of $2800 to make said Crawford a good and sufficient warranty title to the land sued for upon the payment by Crawford of his two promissory notes of even date with the bond given for the purchase money for the land, which notes were due one and two years from date, and each is for the sum of $700. No lien was reserved by the notes, nor mentioned in the title bond. Crawford entered and held possession of the land under this bond from its date to 1866 or 1867, when he removed therefrom and never occupied it again.

Upon November 22, 1859, John Ransom conveyed to Alexander E. McClure 458 acres of the M. Main league (other than the land in controversy) in Anderson County, and as a part consideration for the conveyance, Alexander E. McClure, upon said date, transferred by indorsement to Ransom the two notes of Shelby Crawford mentioned in the preceding conclusion. The deed of Ransom, however, recited a cash consideration.

John Ransom sued Shelby Crawford as principal, and Alexander E. McClure as indorser, in the District Court of Anderson County, upon said two notes and recovered judgment thereon—the first of which bears date April 26, 1860, and is for the sum of $708.37, together with costs; the second bears date April 26, 1860, and is for the sum of $957.51 and costs. No foreclosure of any lien was prayed for or adjudged in either suit in which said judgments were rendered.

Upon the 29th day of February, 1868, John Ransom, in consideration of a reconveyance to him of that date by Alexander E. McClure of the 458 acres referred to in the preceding conclusion, transferred and assigned in writing to Mary E. McClure in accordance with the direction of her father, Alexander E. McClure, the two judgments above described.

In 1837 Alexander E. McClure married Ann E. McClure, and in 1840 they moved to Texas, where they resided the remainder of their lives.

Ann E. McClure died July 14, 1861. Alexander E. McClure died May 9, 1870. They left the following named children surviving them: Robert McClure, born November 28, 1840; Mary E. McClure, born August 31. 1846; Georgia V. McClure, born October 14, 1849; Wm. G. Mc-

Clure, born May 20, 1852; A. P. McClure, born January 29, 1854; Thos. W. McClure, born November 23, 1856; George E. McClure, born February 6, 1859.

A. P. McClure died January 27, 1890, leaving his wife, Minnie I. McClure, and the following named children surviving him: Joe Ellen McClure, Robert Allison McClure, and Leonora R. McClure.

Wm. G. McClure died May 27, 1891, leaving as his only heirs his children Glenn and Zula McClure.

Georgia V. McClure married Robert W. Broyles on December 19, 1872.

Alexander E. McClure, upon his death on May 9, 1870, left a will devising his entire estate to his surviving children share and share alike, and naming Robert McClure as independent executor. This will was duly probated. In the inventory returned by the executor, the land involved in this suit was not included. Neither was it included in the partition of the estate. In this partition Mrs. Mary E. Hamlett, formerly Mary E. McClure, received an equal one-seventh with each other heir.

After the death of Alexander E. McClure, and prior to the partition of his estate, upon the 30th day of March, 1871, at the instance of the executor of the will, Shelby Crawford executed and delivered to Miss Mary E. McClure a conveyance to and of the tract of land in controversy. This conveyance contains the following recitals as to its consideration: "And whereas, as the above transfer is made for the reason that the same was on the ——— day of ————, 1859, sold by said A. E. McClure to me; and whereas, I having failed to make the payment of the purchase money due for said land; and whereas, judgment was rendered upon said notes: Now therefore, I transfer the said land in payment and satisfaction of said original purchase money." This conveyance was made to Mary E. McClure at the request of the executor because his father caused the Ranson judgments to be transferred to her.

The chain of title to the land sued for from the government down to Alexander E. McClure, was duly and properly registered in Anderson County. The bond to title from Alexander E. McClure to Shelby Crawford has never been registered. But the deed of Shelby Crawford to Mary E. McClure was duly recorded in Anderson County on October 30, 1878.

Upon February 1, 1895, Geo. E. McClure executed a deed conveying the land in controversy to appellant, R. W. Broyles.

The appellees, Robert Naismith and his wife Maggie, and Robert Naismith, Jr., have a complete chain of title to the land claimed by each respectively from and under Mary E. McClure.

A. P. McClure executed the conveyance as attorney in fact for Mary E. McClure, under which Robert Naismith, Jr., claims the $3\,^8/_{10}$ acres described in his answer.

A complete chain of title was shown under Mary E. McClure to John G. Barnes and Jacob Wetmore as trustees to 30 acres embracing the land claimed by defendants Calvin Bryant, John H. Friddell, A. G. Friddell,

and A. L. Friddell, and Georgia V. McClure, Robert McClure, and W. G. McClure, attested as witnesses, a deed to Mary E. McClure in this chain of title. However, there is no evidence to show that any of the defendants or those under whom they claim had actual knowledge of said parties having signed the deed as witnesses.

Upon October 22, 1883, Ira H. Evans, purporting to act as attorney in fact of John G. Barnes and Jacob S. Wetmore as trustees, executed a deed to defendant Calvin Bryant to the two acres of land described in his answer. This deed was duly recorded on February 2, 1884, and Bryant has paid the taxes on the land claimed by him, and has had peaceable and adverse possession thereof, using and enjoying the same continuously since the fall of 1882. No authority was shown by Evans to execute this deed to Bryant.

On October 8, 1888, Ira H. Evans, purporting to act as attorney of fact of John G. Barnes and Jacob Wetmore, as trustees, executed a deed to John Fridell to two acres of land including the tracts described in the answer of John H., A. G., and A. L. Friddell. No authority was shown in Evans to execute this deed.

John Friddell and his sons, John H., A. G., and A. L. Friddell, who hold deeds from their father to the land claimed by each respectively, have had peaceable and adverse possession of the land claimed by them, using and enjoying the same continuously since the fall of 1883.

John Friddell, Sr., and all the appellees except A. G. and A. L. Friddell, paid the reasonable cash value of the lands they claim, in money, without actual knowledge of the claim of appellants or of any other adverse claim.

Mary E. McClure and those claiming under her have notoriously asserted title to the land sued for ever since March 30, 1871, paying all the taxes paid thereon, and the independent executor of the will of A. E. McClure and the brothers and sisters of A. E. McClure, have all along known these facts. The proof, however, fails to show that appellants and those whom they represent have with a full knowledge of their rights expressly ratified these claims.

*Conclusions of Law.*—At the date of the bond of Alexander E. McClure to Shelby Crawford, the title of McClure to the land in controversy was incomplete, but McClure's title was perfect at the time he was by the bond obligated to make the deed. The legal effect of this bond was, upon payment of the purchase money notes, to vest an absolute title to the premises in Crawford.

If Alexander E. McClure had continued to hold Crawford's notes until they were past due, he could have elected to rescind the contract, and recover the land or to enforce payment of the notes and the implied vendor's lien, by which they were secured. But after McClure transferred the notes for value to John Ransom, he (McClure) held the legal title to the land sued for, for the benefit of Ransom as well as Crawford.

After Ransom had sued upon the purchase money notes indorsed to him by McClure, and had obtained personal judgments on them, the right of rescission without Crawford's consent was gone, and Crawford then became the real owner of the land, though it would have been still subject to the vendor's lien had the holder of the judgments elected to enforce it.

The consideration for the transfer of the judgments by John Ransom to Mary E. McClure being the conveyance of property belonging to the community estate of Alexander E. McClure and Ann E. McClure, Alexander E. McClure could not by gift divest the heirs of the estate of his deceased wife of their one-half interest in such judgments. While Mary E. McClure acquired the legal title to the judgments, her title to only an 8-14 interest in them, was complete, the other heirs of her mother's estate having the superior right to the remaining 6-14 interest.

As the consideration for the conveyance of Shelby Crawford to Mary E. McClure was the discharge of the judgments in which the other heirs of the estate of Ann E. McClure had a 6-14 interest, a resulting trust to that extent was created in their favor. But the title of Mary E. McClure to the remaining 8-14 interest was under Crawford's deed superior to all others.

As the right of the brothers and sisters of Mary E. McClure and those claiming under them are, as against the said Mary E. McClure and those claiming under her, dependent upon the establishment of a resulting trust in the land sued for, and as Mary E. McClure has repudiated such trust since March 30, 1871, under such circumstances as to charge appellants and those whose estates they represent with notice of such repudiation, appellants' demand has become and is stale as against those claiming under Mary E. McClure. Hence the District Court properly rendered judgment against appellants in favor of appellees Naismith for the land claimed in their answers.

Appellees, Calvin Bryant, Jno. H. Friddell, A. G. Friddell, and A. L. Friddell, having failed to connect their chain of title with Mary E. McClure, can not invoke the doctrine of stale demand against appellants, but as the facts show that each of them has acquired title to the parcels of land respectively claimed by them under the ten years statute of limitations, against all of the appellants except Georgia V. Broyles, whose coverture prevented the running of the statute, judgment was properly rendered in their favor against all the appellants, except Mrs. Broyles, to whom the court properly adjudged her interest as against them.

The foregoing conclusions of fact and of law are as found by the Hon. Thos. B. Greenwood Jr., the special judge who tried this case, and believing that the conclusions of fact are sustained by the evidence, and that the conclusions of law are such as necessarily arise from the facts we have simply adopted and made the conclusions of the trial judge our own.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.