### DONNA INDEPENDENT SCHOOL DIST. et al. v. FIRST STATE BANK OF DONNA et al. (No. 6500.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 9, 1921.)

1. Schools and school districts ⬥61—Parties must appeal to state superintendent before they can have review by the courts.

As Rev. St. art. 4510, gives the superintendent of public instruction authority to hear and determine all appeals from subordinate school officers, an appeal must be taken to the superintendent before parties aggrieved by an order of a district board appointing a depository can be reviewed by the courts.

2. Depositaries ⬥6—Trustees of school districts have discretionary power in selecting depository.

The board of trustees of an independent school district has a discretionary power in selecting the depository, under Rev. St. art. 2771, as amended by Acts 35th Leg. (1917), c. 160 (Vernon's Ann. Civ. St. Supp. 1918, art. 2771), providing that the depository or treasurer shall be that person or corporation who offers a satisfactory bond and the best bid of interest, and in view of articles 2850–2852, vesting the trustees with power and discretion in selecting depository.

3. Depositaries ⬥6—Selecting by school trustees of bank offering lower rate of interest not an abuse of discretion.

Though school officers selected as depository a bank offering a lower rate of interest than that offered by a bank which had previously acted as depository, but which had not accounted for funds as required by Rev. St. art. 2773, as amended by Acts 36th Leg. (1919) c. 149, and had not tendered bond as required by article 2771, as amended by Acts 35th Leg. (1917), c. 160 (Vernon's Ann. Civ. St. Supp. 1918, art. 2771), providing that the depository or treasurer shall be that person or corporation who offers satisfactory bond and the best bid of interest, the selection cannot be deemed an abuse of discretion.

4. Mandamus ⬥72—Discretionary power will not be interfered with by courts.

Mandamus will not lie to interfere with the performance of discretionary duties of officers, as the board of trustees of a school district.

Appeal from District Court, Hidalgo County; Hood Boone, Judge.

Suit by the First State Bank of Donna and another against the Donna Independent School District and others. From a judgment granting writs with injunction and mandamus as prayed, defendants appeal. Reversed and cause dismissed.

John P. Gause and Robert E. Kirkpatrick, both of Mercedes, for appellants.

Seabury, George & Taylor, of Brownsville, for appellees.

FLY, C. J. The First State Bank of Donna and H. C. Davis, describing themselves as taxpayers of Hidalgo county, instituted this suit against the school district, its board of trustees, and the Farmers' State Bank of Donna to obtain an injunction to prevent the last-named bank from demanding or receiving any part of the funds of the school district and a mandamus compelling the board of trustees to accept the bid of the First State Bank for the custody of the district school money and appoint it the depository of the funds of the district. In their answer it was claimed by appellants that the board of trustees had the right under the law to select the depository and had selected the Farmers' State Bank of Donna. The court granted a writ of injunction and mandamus as prayed for.

The facts indicate that the board of trustees requested bids from the two banks as to what each would pay for the use of the school money, and appellee bank bid 8¼ per cent. on deposits and appellant bank 5 per cent. The board of trustees selected the latter as the depository. The First State Bank had been the depository prior to the last selection when the board of trustees selected appellant bank. There was evidence tending to show that the appellee bank had failed and refused to make a report to the board of trustees and they could not obtain any information as to their financial standing. That bank did not tender any bond. The comptroller of public accounts required a bond of $88,000. The bank never paid any interest, so far as the board of trustees could ascertain, on the deposits, and the board deemed it best for the district to change the depository. Warrants issued by the board were denied payment by appellee bank, while it was treasurer, without giving any reason for such action to the board.

[1] There is no allegation in the application for mandamus that appellees had exhausted their remedy of appeal to the Su-

perintendent of Public Instruction, which is given by article 4510, Revised Statutes. In that article that officer is given the authority to hear and determine all appeals from the rulings of subordinate school officers, and it has been uniformly held by the courts of Texas that an appeal to and decision by the State Superintendent is absolutely essential to give a court the authority to pass upon the question. It seems to be the fixed policy of the Legislature to create an educational system of public free schools that is sufficient unto itself and free as far as practical from any interference by the judiciary. The courts fully recognize the desire of the legislative branch of the state government and uniformly hold that the remedies provided for before school authorities must be exhausted before the courts will interfere. Nance v. Johnson, 84 Tex. 401, 19 S. W. 559; Cochran v. Patillo, 16 Tex. Civ. App. 458, 41 S. W. 538; Plummer v. Gholson, 44 S. W. 3; McCollum v. Adams, 110 S. W. 526; Independent School Dist. v. Dudney, 142 S. W. 1007; Jennings v. Carson, 220 S. W. 1090.

In the case last cited a petition by citizens of Hemphill county, asking the formation of a new school district was refused by the county trustees, and without appealing to the State Superintendent, the citizens applied for a mandamus to the district court to compel the trustees to act. The district court granted the writ, and upon appeal the Court of Civil Appeals of the Seventh district affirmed the judgment. A writ of error was granted and the judgments of the district and appellate courts were reversed and the cause dismissed. That decision is direct authority for holding that the school law as to appeals "is all-inclusive" and that all appeals from the decisions of school officers must be heard by the State Superintendent, and that no exception is provided. The law on the subject hereinafter referred to is plain and broad enough to include "all appeals from the rulings of the decisions of subordinate school officers." Adkins v. Heard, 163 S. W. 127. The district court had no authority to issue the mandamus on this ground, and we might refuse to consider any other point in the case, but have deemed it not inappropriate to do so.

[2, 3] The independent school district of Donna was organized under the provisions of articles 2850, 2851, and 2852, Revised Statutes of Texas. The board of trustees thereof was vested with full management and control of the free schools of the district and was vested with all the powers, rights, and duties in regard to the establishment and maintaining of free schools, including the powers and manner of taxation for free school purposes, that are conferred by the laws of the state upon the council or board of aldermen of incorporated cities and towns. By article 2771, Rev. Stats., as amended by Gen. Laws of 35th Legislature (Acts 35th Leg. (1917) c. 160 [Vernon's Ann. Civ. St. Civ. Supp. 1918, art. 2771]), it is provided that the depositories or treasurers of the school fund "shall be that person or corporation who offers satisfactory bond and the best bid of interest on the average daily balances for the privilege of acting as such treasurer." It is required that a bond shall be given by the treasurer and approved by the school board, and the state department of education shall be notified of the treasurer by the president of the school board filing a copy of said bond in said department. The treasurer of the independent school district is required to keep a full and separate itemized account with each of the different classes of school funds coming into his hands, and on or before the 1st day of October of each year file with the board of trustees of such independent district and with the State Superintendent of Public Instruction an itemized report of the receipts and disbursements of the school funds for the preceding year ending August 31. Article 2773, Rev. Civ. Stats., as amended by the 36th Legislature, General Laws 1919, pp. 276, 277.

It is clear from the law that the discretion is vested in the board of trustees of the selection of the depository. No one else is vested with that discretion, and when that discretion has been exercised and a depository appointed no one can question the authority of the board without clearly proving an abuse of the discretion. It will be noted that the law does not state that the person or corporation named as treasurer or depository of the school district fund shall be that one who offers a satisfactory bond and the "highest bid of interest," for that would deprive the board of the exercise of discretion, but the law says "the best bid of interest," and the right to judge of what is the best bid is lodged in the hands of the board of trustees. The best bid would not necessarily be the highest bid, but, looking to the solvency of the bidder, the bond tendered, and all the circumstances surrounding the transaction, the safety and preservation of the school fund, the best bid might be the lowest bid, as it was deemed to be by the board of trustees in this instance. The facts show that no bond was offered by the appellee bank at the time the bid was made, and the facts indicate that none was ever tendered. The judgment did leave the discretion of deciding whether the bond that might be offered was satisfactory, but denied to the board any discretion as to which was the best bid of interest. It was held to be merely a question of amount, and, if the bid had been made by an insolvent and bankrupt concern for the highest rate of interest permitted by law, the board would be compelled to award the depository on that bid. No bond was offered in this case, and neither did the court deem it

necessary that one should have been offered. The evidence utterly fails to sustain the recitation in the judgment that by the refusal to award the depository to the First State Bank of Donna the board of trustees "grossly abused their said discretion in the premises, which amounted under the facts in this case to a fraud upon the rights of the taxpayers of the said district." On the other hand, the facts show a bank that had been the depository made a bid of interest, the very amount of which would cast suspicion upon it, with no tender of bond and after failing and refusing to file a report as to the funds for the preceding year, as required by statute. The evidence tends to show the exercise of sound discretion on the part of the board.

[4] The rule is firmly established that the judiciary will not interfere with the performance of discretionary duties of officers, and when, as in this instance, trustees who are intrusted with control of the affairs of the schools of a community and given discretion as to the performance of certain duties, have acted, they will not be interfered with in the exercise of their discretionary powers, unless there is a flagrant abuse of such powers. Nothing of that kind appears in this case.

It has been held that where the duties devolving on a ministerial officer require the exercise of discretion and judgment, and the officer may have acted erroneously, a writ of mandamus may not be issued to review, reverse, or correct the erroneous decision, even though there be no other method in which to correct such erroneous decision. 22 R. C. L. p. 494, §§ 170–174; Gaines v. Thompson, 74 U. S. (7 Wall.) 347, 19 L. Ed. 62; Dunham v. Ardery, 43 Okl. 619, 143 Pac. 331, L. R. A. 1915B, 233, Ann. Cas. 1916A, 1148.

In the case of Commissioner v. Smith, 5 Tex. 471, it is held:

"It has been settled, however, by a series of decisions in the Supreme Court of the United States, that a mandamus will issue to an officer of the government only when the duty to be performed is ministerial in its character; but that where there is imposed upon the officer by law a duty requiring the exercise of judgment or discretion, a mandamus will not lie to control the exercise of that discretion."

To the same effect is the case of Bledsoe v. Railway, 40 Tex. 537, where the distinction is drawn between ministerial and discretionary duties, and it was held that the action of the comptroller of public accounts as to the countersigning and registering certain bonds, in view of certain conditions precedent, was a matter of discretion with the officer which could not be interfered with by mandamus. Again in the case of Meyer v. Carolan, 9 Tex. 250, a writ of mandamus had been applied for to require the clerk of the district court to approve an appeal bond, and the court said:

"If, after taking the bond, the clerk should fail or refuse to send up a transcript of the record, the writ of mandamus would lie because he would have exercised and discharged the only discretion reposed in him by the law; and what remained, the sending up a transcript of the record, would be purely a ministerial act, in which he would have nothing to exercise his judgment upon. The ground upon which the relator in this case rested his application for the writ is the refusal of the clerk to accept the bond, although it was a sufficient bond that was tendered to him. Now it is very clear that the question of the sufficiency of the bond tendered was a question for the exercise of the judgment of the clerk."

So in this case certain matters in the selection of a depository are left to the judgment of the trustees. One was a satisfactory bond which the trial court seemed to consider a matter of such trivial importance that neither allegation nor proof was required of a bond being tendered when the bid was made. Another was judging as to which bank offered the "best bid of interest," and the court held that "best" was synonymous with "highest" and issued a mandamus to compel the acceptance of the highest bid regardless of any evidence which might show that the highest bid was not the best bid. No lexicon makes the two words synonyms, and the reasonable inference is that the Legislature would have used the word "highest" if it had desired to deprive the trustees of all discretion in the matter. The use of "best" indicates an intention to give to the trustees the exercise of discretion in the matter.

Appellees insist that, the school district being a corporate body, the district court has the right to issue writs of injunction or mandamus against it without reference to any provision as to appeal in the school law, and state that the principle contended for by them is sustained by Jennings v. Carson, 184 S. W. 565, and Clark v. Hallam, 187 S. W. 965. Unfortunately for them, however, the Jennings-Carson Case was taken by writ of error to the Supreme Court and was reversed, as will appear from the opinion of the Commission of Appeals herein cited, and the Clark-Hallam Case was reviewed and overruled in the same case.

The judgment is reversed, and the cause dismissed.