

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 28, 1971

Honorable J. W. Edgar
Commissioner of Education
Austin, Texas

Opinion No. M-777

Re: May the Anthony Independent
School District select as
its depository a bank
located in that portion
of the town of Anthony
which is located in the
State of New Mexico; that
portion of the town of
Anthony located adjacent
thereto, and in Texas, is

Dear Mr. Edgar:
in the District.

In your recent letter you request this office to render an opinion on the following question:

"Under the facts submitted, legally
may the Anthony Independent School District
change its current depository and select
as a depository, in lieu thereof, a(national)
bank in Anthony, New Mexico?"

The facts submitted in your letter are that the town of Anthony is in the northwest corner of El Paso County and extends into New Mexico. The Anthony Independent School District boundaries, generally speaking, are coterminous with that portion of the town which is in Texas. The only bank in Anthony is located in that portion of the town that extends into New Mexico. The current depository for the school district is located in El Paso, Texas, and its two-year period to serve as such depository ends August 31, 1971. The school district's board of trustees has voted to make the First National Bank in Anthony, New Mexico its depository, provided the same is legally acceptable. It is our further understanding that the Anthony Independent School District selects its depository pursuant to Article 2832, Vernon's Civil Statutes.

-3782-

The provisions of Article 2832, which are applicable here, are set out in part below:

"In any independent district of more than one hundred and fifty (150) scholastics, whether it be in a city which has assumed control of the schools within its limits, or a corporation for school purposes only, and whether organized under General Law or created by Special Act, the treasurer of the school fund shall be that person or corporation who offers satisfactory bond and the best bid of interest on the average daily balances or time deposits for the privilege of acting as such treasurer. The treasurer when thus selected shall serve for a term of two (2) years and until his successor shall have been duly selected and qualified and he shall be required to give bond in an amount equal to the estimated amount of the total receipts coming annually into his hands, when such bond is a personal bond; . . ."

The only qualifications found in Article 2832 regarding the eligibility of one to serve as treasurer or depository for funds of a school district are that such treasurer or depository be a person or corporation and that such person or corporation be able to offer satisfactory bond and the best bid of interest on the average daily balances or time deposits. Said Article contains no limitations that would require the treasurer or depository to be located within a particular geographical area.

In the case of Donna Independent School District v. First State Bank of Donna, 227 SW 974 (Tex. Civ. App. 1921 no writ) the Court in discussing Article 2771 (now Article 2832) and its application to the selection of a school district's depository said:

"It is clear from the law that the discretion is vested in the board of trustees of the selection of a depository. No one else is vested with that discretion, and when that discretion has been exercised and a depository appointed no one can question the authority of the board without

> clearly proving an abuse of the discretion."

A review of other statutes which govern the selection of depositories for state, county and city funds reveals that such statutes contain requirements that said depositories be located within a particular geographical area.  See Articles 2526, et. seq., 2544 et. seq., and 2559 et. seq., Vernon's Civil Statutes.  Also the new School Depository Act, Chapter 23, Subchapter E, Texas Education Code, which is permissive and optional with each school district in that it can elect to be governed by the provisions of said Depository Act or continue to select its depository in accordance with Article 2832, contains such a geographical limitation.  It is the opinion of this office, therefore, that the Legislature by omitting a geographical restriction in Article 2832, evinces an intent that such a limitation should have no application, either actual or implied, to the selection of a school district's depository pursuant to said Article.

Since we can find no other authority that would prohibit the Anthony Independent School District from selecting the First National Bank in Anthony, New Mexico to be its depository, it is the opinion of this office that said school district may make such bank its depository provided the bank meets the other requirements of Article 2832.

In regard to your inquiry as to whether the Anthony Independent School District can terminate its present depository contract prior to its expiration date, it is the opinion of this office that Attorney General's Opinion No. O-3837 (1941) answers this question in the negative.

We are mindful of the rule announced in Republic National Bank of Dallas v. C. H. Langdeau, 371 U. S. 555, 83 S. Ct. 520, 9 L. Ed. 2d 523, to the effect that national banks may be sued only in those state courts in the county where the banks are located.  This means, of course, that the school district could not successfully maintain a suit against the bank in the Texas courts.  This is a factor that the school board would want to consider in exercising its discretion in the selection of a depository.  However, we think that the presence of this factor would not, in itself, amount to an abuse of discretion in the selection of the depository in the State of New Mexico.

## S U M M A R Y

The Anthony Independent School District may select as its depository pursuant to Article 2832, Vernon's Civil Statutes, a national bank located in that portion of the town of Anthony which is located in the State of New Mexico; however, said school district may not terminate its present depository contract prior to the date said contract expires.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ed Esquivel
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

James McCoy
Jerry Roberts
Scott Garrison
Harriet Burke

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant