### W. H. CASWELL ET AL. v. F. C. FUNDENBERGER ET AL.

Decided November 11, 1907.

**1.—Temporary Injunction—Dissolution—Appeal.**

The fiat of a judge upon an application for temporary injunction and the order entered by the judge upon hearing such application in vacation considered, and held to show that a temporary injunction had been granted by the fiat and dissolved by the order, and hence that an appeal would lie from such order.

**2.—School Law—Location of School Building—Act Construed.**

It was the intention of the Legislature, evidenced by the Act of 1905, to place all matters pertaining to the public schools primarily under the control of the school authorities; hence a controversy as to the location of a school building should, in the first instance, be settled by appeal to said authorities, and until this remedy is exhausted the courts have no jurisdiction.

Appeal from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower, Jr.

No brief for appellants.

*McDowell & Duffie,* for appellees.

REESE, ASSOCIATE JUSTICE.—This is an appeal from what is claimed by appellants to be an order of the District Judge in vacation dissolving a temporary injunction. We are met on the threshold by the denial by appellees of the jurisdiction of this court to entertain the appeal. What jurisdiction we have is given by section 2, chapter 107, Acts of the Thirtieth Legislature, which reads as follows:

"Any party or parties to any civil suit wherein a temporary injunction may be granted or dissolved under any of the provisions of this title, in term time or in vacation, may appeal from the order or judgment granting or dissolving such injunction to the Court of Civil Appeals having jurisdiction of the case; provided the transcript in such case shall be filed with the clerk of the Court of Civil Appeals not later than fifteen days after the entry of record of such order or judgment granting or dissolving such injunction."

Some difficulty arises in determining, from the record before us, the exact nature and character of the order appealed from, as to whether

it was, in fact, an order dissolving a temporary injunction previously granted or refusing to grant such temporary injunction. If the former, the appeal would lie, but not in the latter case.

The petition was presented to the District Judge in chambers September 24, 1907, and upon it he endorsed the following order:

"Upon consideration of the foregoing petition this day to me presented, it is ordered that the clerk of the District Court of Jefferson County shall issue to the defendants in said petition the writ of injunction as prayed for, provided said plaintiffs shall first file with said clerk a bond therefor, made payable and conditioned as required by law, in the sum of $200, but said writ shall be made returnable before me next Monday, September 30, at 10 o'clock a. m., at the Courthouse of said county, at which time I shall hear any plea, motion or exception that defendants may desire to interpose, with a view to setting aside or modifying this order, and plaintiffs herein are required to give to defendants written notice of this order as soon as they can reasonably do so."

On the day set for the hearing, September 30, plaintiff filed an amended petition, which, after stating the facts, proceeds: "and your Honor having heretofore granted your temporary writ of injunction in this case, defendants having had due notice of same, plaintiffs pray that the said temporary writ of injunction upon hearing be perpetuated, and that same remain in full force and effective until this cause may be tried upon the facts," etc. Defendants answered fully, under oath, and prayed that "said writ of injunction be dissolved."

Upon the hearing in chambers on September 30, the following order was made:

"Now on this 30th day of September, 1907, in vacation, in chambers, came on to be heard the application of plaintiffs in the above styled and numbered cause for a writ of injunction against defendants, to inhibit and restrain the said defendants, as trustees, from building a school-house in district No. 4, Jefferson County, Texas, at place different from the present location of said school. And all the parties being present, the court, after hearing the application and the demurrers thereto, and being advised as to the law, is of the opinion that the demurrers, general and special, are well taken, and the plaintiffs are not entitled to the relief prayed for, and that the temporary writ of injunction heretofore on the 24th day of September, 1907, issued herein, should be dissolved.

"It is therefore ordered and adjudged, and decreed by the court, that the writ of injunction prayed for by plaintiffs be and the same is hereby denied, and the temporary restraining order heretofore issued in this cause, inhibiting and restraining the defendants, F. C. Fundenberger and T. B. Spell, from building the school-house in said district 4, of Jefferson County, Texas, be and the same is hereby in all things dissolved, vacated, set aside and held for naught. And upon plaintiff's refusal to amend the petition it is hereby ordered and the same is hereby dismissed.

"It is further ordered that all costs of this proceeding be and they are hereby taxed against the plaintiffs, W. H. Caswell and D. E. Spell, and A. P. Jones and B. E. Moore, bondsmen on the injunction bond

filed herein, for all of which let execution issue. To all of which the plaintiffs then and there excepted and gave notice of appeal to the Court of Civil Appeals of the First Supreme Judicial District of the State of Texas."

The judge might have declined to grant the temporary injunction upon the ex parte application, and set down the hearing thereof, giving notice to the defendants so that they might appear and contest such application, and in the meantime, if the emergency seemed to require it, he might have issued a temporary restraining order restraining defendants until such hearing could be had. In such case the restraining order would expire by its own terms upon the day set for such hearing, and the only question would be whether the temporary injunction should be granted. The temporary restraining order, having served its purpose, would become, without order of dissolution, *functus officio.* If in such case the temporary writ of injunction is refused, no appeal would lie, under the statute referred to, from such order.

We are of the opinion that in the present case the writ granted on September 24th was a temporary injunction, and that the order made on the 30th was an order dissolving this temporary writ. Both plaintiffs and defendants, by their pleadings, seem to have so understood it, and such is a fair construction of the order of the judge granting "the writ of injunction as prayed for." In such case appellees' contention that this court has not jurisdiction can not be sustained.

We are of opinion that the judge acted properly in dissolving the writ. The suit is brought by certain patrons of a public school to enjoin the school trustees from changing the location of the school-house and erecting a new school building at a different locality in the school district. We think that it was the intention of the school laws to place such matters primarily under the control of the school authorities, subject, of course, to the final control of the courts in a proper case. The law provides for an appeal from the action of the school trustees, first to the Superintendent of Public Education, and from his decision to the State Board of Education (section 25, chapter 124, Acts Twenty-Ninth Legislature; Nance v. Johnson, 84 Texas, 401). The petition did not allege that such appeal had been taken. This was made ground of exception to the petition, which was sustained by the judge, and the plaintiffs declined to amend.

The answer of defendants also contains a full and specific denial, under oath, of every material allegation of the petition, which authorized the dissolution of the temporary writ. The judgment is affirmed.

*Affirmed.*