**SEAT v. JONES et al. (No. 8003.)**

(Court of Civil Appeals of Texas. Galveston.
Oct. 27, 1920.)

Schools and school districts ⊜⟩ 111 — Court
erred in dissolving temporary injunction
against removing building, after decision by
school authorities against removal.

Where taxpayer obtained temporary injunction restraining school trustees and others from tearing down and relocating a school building, on a petition praying therefor, pending an appeal by the taxpayer to the county school superintendent, and the county superintendent and county board of trustees decided in taxpayer's favor, and trustees of the school district filed motion to dissolve the injunction, in answer to which taxpayer filed supplemental petition showing the decision in his favor, court erred in granting the motion and dissolving the temporary injunction; it being alleged in the supplemental petition that the trustees were threatening and preparing to remove the building, regardless of the decision of the county superintendent.

Appeal from District Court, Anderson County; John S. Prince, Judge.

Action by J. W. Seat against Henry Jones and others. From a judgment dissolving a temporary injunction, plaintiff appeals. Reversed and rendered.

PLEASANTS, C. J. This is an appeal from an order of the district court of Anderson county dissolving a temporary injunction, theretofore issued by order of the judge of said court, restraining the appellees from tearing down, dismantling, removing, and relocating the building used and occupied as the public school building for common 'school district No. 28 of Anderson county. The appellant, who brought this suit, is a resident taxpayer of said district and a patron of said school. Three of the appellees, against whom the suit was brought, are the trustees of the school district, and the remaining appellees, defendants below, are building contractors, whom it is alleged had contracted with the school trustees to tear down and remove the building. Plaintiff's petition contains the following allegations:

"That there is now in said school district No. 28 a well-built commodious, and well-equipped public school building for the white children of said district, having three rooms, constructed of wood; that said school building is desirably situated on a high, rolling location, affording good drainage, because of the surrounding hills, and with an adequate supply of wholesome water; that the present location of said school building has been used by the patrons and school children of said district as a public school site for the last 30 years; that said school building is located almost in the geographical center of said school district No. 28, which

district covers a large territory, extending approximately 12 miles east and west, and being about 4 miles wide on the east and about 6 miles across on the west end; that said school building is also practically in the center of the population of said school district; that said school building, where it now stands, is accessible to the greater part of the patrons and scholastic population of said school district, and such location is the most convenient for the whole population of said district, from the standpoint of distance, location, and roads; and that the interest of the whole population of the district will be best conserved by retaining the public school building in such location.

"That the district trustees of district No. 28 aforesaid heretofore, on a date unknown to your applicant, officially decided to abandon the present location of the public school building in said district, and to tear down, dismantle, and remove said school building from its present location to a new location, about 1½ miles west of the present location, and to construct and equip another building, and relocate the school building of said district at such new location, on a tract of land deeded to said school trustees and their successors by Miles Sutton and wife, and that said district trustees of such district have entered into a contract with defendants Frank Johnson and Frank Duncan, under the terms of which said last-named defendants are to proceed to tear down, dismantle, and remove the present school building and equipment from its present location to the new proposed location above described, and that said district trustees and the said Frank Johnson and Frank Duncan are preparing and threatening to begin the work of tearing down, dismantling, and removing said school building from its present site to the aforesaid proposed location, which said work of tearing down, dismantling, and removing such building is to be begun and undertaken on Monday, July 7, 1919, and that unless said defendants are restrained by a writ of injunction from this court, said work of tearing down, dismantling, and removing said building and its equipment will be undertaken and accomplished on said last-named day and date; that the proposed location and site to which said trustees and other defendants are preparing and threatening to remove said building is further from the geographical center and from the center of the population said district than is the present location, and is inaccessible to many children and patrons of said district; that a large majority of the patrons of said school district are opposed to removing the school building from its present site, and are opposed to locating the public school building on the proposed site on the Sutton land, and, if such removal is made, many children will be deprived of school privileges; that the cost in money of dismantling and removing the school building and equipment from its present site, and relocating and erecting a school building on the proposed site, will be approximately $1,500, and that the proposed location is adjacent to and within 200 yards of a swamp or marsh, thickly overgrown with vegetation and covered with water the greater part of the year, which extends from said pro-

⊜⟩ For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

posed location several miles and to the Trinity river; that said place is a breeding ground for mosquitoes, and an adequate supply of wholesome water is unobtainable; that if the school is located at such place the health of the teachers and children who attend said school will be endangered by unwholesome water and malaria; that the defendant Lawrence Johnson owns a tract of land adjoining the Sutton land, which said school trustees are now seeking to make the site for the public school of said district; that the said Henry Jones owns a large farm adjoining the Trinity river, and that the proposed new location of said school will bring such school nearer the farm of Henry Jones; that the defendant Will Fitts owns and lives on a tract of land which is in the neighborhood of the proposed location of the school building on the Sutton land; that said defendants and trustees of said school district are acting arbitrarily in removing and relocating said school building, and are not exercising their best judgment and discretion, and are not being governed by the best interest of the patrons of said school district, but, on the contrary, they are acting arbitrarily, and are disregarding the rights of this plaintiff and of the pupils who desire to attend said school, and of the patrons who live in said school district, and said trustees are seeking to effect the removal of said school building from its present location to a proposed new location to subserve their own private interest, and for the purpose of enhancing the value of their said real estate, and in disregard of the interest of said common school district. * * *

"Your petitioner would further show to the court, for himself and other citizens and patrons of said school district, that the proposed removal and relocation of said school building from its present site has been concealed from them, and every step in the proceeding has been covered with secrecy, and they have just learned of the purpose of said defendants to effect said removal; that your petitioner, and others whom he represents, as soon as they became aware of the purpose of defendants to remove and relocate said school building, appealed from the action of said board of trustees to the Honorable E. F. Rollins, county superintendent of Anderson county, Texas, and petitioned said officer to set a day for a hearing on the question of the removal of said building, and to hear the evidence on the necessity and policy of said removal, and to refuse to permit such removal and relocation to be made, and that your petitioner, and those whom he represents, have exercised all the remedies allowed them under law to prevent said threatened removal and relocation of said school building.

"That, notwithstanding this, said defendants are threatening and proceeding with the work of dismantling and removing and relocating said school building, and are refusing to desist from their purpose to so dismantle and remove said building, and refusing to await the decision of the said E. F. Rollins in said matter. Your applicant, and those whom he represents, say that they have no adequate remedy at law to prevent the tearing down, dismantling, and relocating of said school building and said school equipment from its place and present location to the aforesaid proposed location, and

225 S.W.—14

that, if said defendants are not restrained by the writ of injunction, their loss and injury will be irreparable."

This petition was properly verified, and upon its consideration by the district judge in chambers, on the 6th day of July, 1917, the prayer of plaintiff for a temporary injunction was granted, and a writ of injunction issued and served upon the defendants, commanding them to—

"desist and refrain from tearing down and dismantling said school building, and from removing said school building, and the furniture and equipment therein, from its present location in said district, and that you desist and refrain from molesting and in any way interfering with said school building, its furniture and equipment, of whatsoever description, until the further orders of said court, to be holden within and for the county of Anderson at the courthouse thereof, in Palestine, Texas, on the 7th day of July, A. D. 1919, when and where this writ is returnable."

No further action in the case was taken in the court by either party after the filing of the petition and the issuance of the writ of injunction until May 20, 1920, when the defendants filed a motion to dissolve the injunction on the grounds:

"That no action was taken by the plaintiffs in said cause on said petition on July 7, 1919, or since said date; that said temporary injunction was granted by this court, as evidenced by the bond for injunction filed herein by plaintiffs, pending the trial and investigation of the necessity and policy of removing said school building to a new location in said district before the county superintendent of Anderson county, Texas, the Honorable E. F. Rollins, as more fully set out in plaintiff's petition for injunction; that the trial and investigation aforesaid has been made and disposed of by said county superintendent, and said temporary injunction granted by this court has served all the purposes for which it was intended, and should be now dissolved; that since the granting of said temporary writ of injunction defendants Henry Jones, Lawrence Johnson, and Will Fitts have been re-elected as trustees of said common school district No. 28, and are now acting as such trustees, duly qualified, and desire to obey, as they have heretofore done, all the lawful orders of this honorable court, and while it is the belief of said defendants that said temporary injunction is no longer in force and effect against them, yet by its terms it undertakes to restrain said trustees from the discharge of their lawful duties and powers over and concerning said school building, its furniture, and equipment.

"Wherefore these defendants pray that said temporary writ of injunction be in all things dissolved, and they pray for such other and further relief, special and general, in law and equity, to which they may be entitled."

This motion was duly verified by the affidavit of the defendant Henry Jones. On the day this motion was filed, plaintiff filed what he called a supplemental petition "in

reply to defendants' answer filed on May 20, 1920."

As before stated, the record shows that no answer was filed by defendants, other than their motion to dissolve the injunction, and the so-called supplemental petition is an answer or reply to the motion to dissolve. In this answer it is averred, in substance, that on July 15, 1919, the appeal taken by plaintiff from the order of the defendant trustees directing the removal of the schoolhouse was heard by E. F. Rollins, county school superintendent of Anderson county, and decided in plaintiff's favor, and that an appeal taken by the defendants from the decision of the superintendent to the board of school trustees for Anderson county was also, after a full hearing by the board, decided in plaintiff's favor on July 17, 1919. Verified copies of the decisions of the superintendent and county school trustees, sustaining plaintiff in his opposition to the removal of the schoolhouse, and overruling and setting aside the order of the defendant trustees, were attached to and made a part of plaintiff's answer. This answer contains the following further averments and prayer:

"Plaintiff would further show to the court that, notwithstanding defendants were overruled by the county superintendent of Anderson county and by the county school trustees, and that said officers decided that said school building should remain where it now is, and in all things sustained plaintiff in (his) their (contention) condition in said cause, nevertheless said defendants, who now constitute the board of trustees of common school district No. 28, to wit, Henry Jones, Lawrence Johnson, and Will Fitts, are now threatening and preparing to remove said school building, and to do the acts and things complained of in the original petition filed herein by plaintiff, and are only restrained by the writ of injunction issued herein by your honor on the 6th day of July, 1919, aforesaid; that if said writ of injunction is dissolved or modified, as prayed for by defendants, they will immediately proceed to remove said building and destroy it, and erect another one in some undesirable place in said district, as complained of in plaintiff's original petition.

"Wherefore plaintiff prays that the writ of temporary injunction heretofore granted be not dissolved nor modified, but remain in force pending all such trials or proceedings as may be had on the issues herein, either before the state superintendent of education, or the state board of education of Texas, or the district or other courts of this state."

The only answer made by defendants to plaintiff's reply to their motion to dissolve consists of the following exceptions:

"Now come defendants, and except to the supplemental petition filed herein by plaintiff on the 20th day of May, 1920, for the following reasons:

"(1) Because said supplemental petition is not in reply to any answer filed by defendants herein, and therefore performs no office of a pleading in said cause, and therefore should be stricken from the pleadings herein.

"(2) Because said supplemental petition avers and sets up an entirely new and different cause of action from that set up in plaintiff's original petition.

"Wherefore defendants pray that said supplemental petition be stricken from the pleadings in said cause."

Upon a hearing by the court on May 20, 1920, of the motion to dissolve, after overruling defendants' exceptions, the following order, from which this appeal is prosecuted, was made and entered:

"And the court, after hearing said motion and the argument of counsel thereon, is of the opinion and finds that the temporary writ of injunction issued therein on July 6, 1919, is operative and effective only pending the trial and investigation of the necessity and policy of removing the school building mentioned in plaintiff's original petition to a new location in said school district before the county superintendent of Anderson county, Texas, the Honorable E. F. Rollins; and the court further finds that the trial and investigation aforesaid has been had and disposed of by said county superintendent and the county school trustees, and that final action has been had on the appeal of plaintiff to said county superintendent, and said action is not now pending before said E. F. Rollins, county superintendent, the county board of school trustees, or the state board of education; that said temporary writ of injunction has served all of the purposes for which it was intended by this court, and should be dissolved, and the court is of the further opinion that it is not within the province of this court to exercise original supervisory control over the school trustees of said common school district No. 28, or to locate school sites or school buildings.

"Wherefore it is ordered, adjudged, and decreed by the court that the order of this court in this cause, granting a temporary injunction herein, and the temporary writ of injunction issued herein against the defendants on July 6, 1919, be and the same is hereby in all things vacated and dissolved."

We cannot agree with the trial judge that the temporary injunction should be dissolved; on the contrary, we think the undisputed facts disclosed by the sworn pleadings of the parties demand that the injunction be continued in force. The duration of the injunction was not limited by its terms to the final determination by the school authorities of the appeal by plaintiff from the order of the trustees directing the removal of the schoolhouse; but, if it had been so limited, the decisions of the superintendent and the county board of trustees having been in favor of plaintiff's contention that the proposed removal of the schoolhouse was unwarranted and unlawful, plaintiff's right to have the defendants restrained from further attempting to remove the building cannot be doubted. The answer to the motion to dissolve alleged that the defendants, notwith-

standing the decision of the superintendent and the county board of trustees that the removal of the schoolhouse was not warranted and should not be done, were threatening and preparing to remove the building, and, if the injunction was dissolved, would immediately proceed to remove said building and destroy it, and erect another in some undesirable place in the district, as complained of in plaintiff's original petition. These sworn averments of plaintiff were not denied by the defendants.

If the sworn allegations of the original petition are true, and, being undenied, we must accept them as true, the attempted removal of the schoolhouse by the defendant trustees was arbitrary and wrongful, and plaintiff, as a patron of the school and resident taxpayer in the district, was entitled to an injunction restraining such wrongful removal of the building. It certainly cannot be seriously contended that his right to be so protected has been lost or lessened by the fact that the school authorities of the county, to whom an appeal from the decision of the district trustees was taken, have decided that the building should not be removed, and yet the trial court in effect so held, by disregarding the sworn statement in plaintiff's answer that defendants were now threatening and preparing to remove the schoolhouse.

The judgment of the court below is reversed, and judgment here rendered, continuing the injunction in force pending such further trial or proceeding as may be had before the state superintendent, or the state board of education, or in the court below.

Reversed and rendered.