**HIBBITTS et al. v. ROBISON et al.**
**(No. 3152.)**

(Court of Civil Appeals of Texas. Texarkana.
March 4, 1926. Rehearing Denied
March 18, 1926.)

Schools and school districts ⬤⟞111—Action on order of school board determining location of new building cannot be enjoined until remedy by appeal to school authorities is exhausted, where minutes show majority of trustees in favor of order.

Where minutes of board of trustees of school district showed that majority of votes were in favor of constructing building on old school site, construction of building pursuant to order of board determining that building should be constructed on such site cannot be enjoined in courts until remedy by appeal to school authorities provided by law is exhausted.

Appeal from District Court, Morris County; R. T. Wilkinson, Judge.

Injunction suit by C. A. Robison and others, trustees of the Naples independent school district, and others against C. D. Hibbitts and another, trustees of said school district, and others. From an order granting a temporary injunction, defendants appeal. Reversed and rendered.

This was a suit by C. A. Robison, Sam W. Robison, and W. W. Harwell, trustees of the Naples independent school district, and W. W. Robison, Fred Hampton, and J. R. Hampton, "citizens, taxpayers, and patrons" of the school in said district, against C. D. Hibbitts and W. O. Bryan, also trustees of said school district, A. Lewis, who, it was alleged, was assuming to act as a trustee thereof, one T. D. Masters, who, it was alleged, had contracted to construct a school building for said district, and the Morris County National Bank, which, it was alleged, was the depository of $34,000 the proceeds of bonds voted for use in acquiring a site and constructing a schoolhouse thereon. It was for an injunction restraining Masters from constructing the house on land described as the "old school site," on the ground that same had never been lawfully selected and designated for that purpose; restraining Hibbitts, the president of the board of trustees, and Bryan, the secretary thereof, from drawing warrants against funds of the district on account of such building, and the bank from paying any such warrants, if drawn, out of funds in its hands belonging to the district. At the hearing before the district judge in vacation to determine whether a temporary injunction should be issued as prayed for by the plaintiffs, appellees here, it was shown by minutes kept of proceedings of the board of trustees that the trustees (seven in number) determined at a meeting held May 30, 1925, to call in four citizens of the district to assist them in selecting a site for the building to be constructed, and that at a meeting June 1, 1925, of the trustees and the four citizens six voted to locate the building on said "old school site," and five to locate it on what was described as the "Sam Moore place." It appeared from oral testimony of witnesses admitted at the hearing that four of the seven trustees and one of the four citizens voted for the Sam Moore place as a site for the building, and that three of the trustees and three of the citizens voted for the "old school site." There was testimony that Masters, by authority of a contract entered into between him and the school district, had commenced the construction of the school building on the "old school site" at the time the suit was instituted. The appeal is from an order of the district judge granting a temporary injunction as prayed for by appellees.

Lloyd E. Price, of Texarkana, C. G. Engledow, of Pittsburg, and W. E. Newland, of Naples, for appellants.

Henderson & Bolin, of Daingerfield, and J. A. Ward, of Mt. Pleasant, for appellees.

WILLSON, C. J. (after stating the facts as above). It appeared from testimony heard by the district judge that no appeal was prosecuted from the order of June 1, 1925, determining that the new building should be constructed on the "old school site." Appellants insist that it therefore appeared that the judge was without power to grant the injunction. Appellees, on the other hand, insist it appeared that a majority of the trustees voted in favor of constructing the building on the Sam Moore place, and, therefore, the board of trustees not having power to enforce the will of the majority, that they (appellees) had a right to invoke the power of the courts to enforce it.

Appellees' contention is not supported by the minutes of the proceedings of the board of trustees referred to in the statement above, according to which a majority of the votes cast at the June 1, 1925, meeting was not in favor of the site on the Sam Moore place, but was in favor, instead, of the "old school site." It is true it appeared that eleven votes were cast at said meeting, whereas, it may be conceded, only the seven trustees were entitled to vote; but it did not appear from said minutes that a majority of the votes of the seven trustees was not in favor of the "old school site." Therefore we think the order of the board of trustees of June 1, 1925, should not be ignored as void, but, unless and until set aside in a proper proceeding in a proper tribunal, should be treated as determining that the new building was to be constructed as the "old school site." In that view it is clear, in the light of decisions of the courts of this state, that appellees must have exhausted the remedy by appeal to school authorities pro-

vided by law before they were entitled to resort to the courts as they did. Davis v. Hemphill (Tex. Civ. App.) 243 S. W. 691; Caswell v. Fundenberger, 105 S. W. 1017, 47 Tex. Civ. App. 456; McCollom v. Adams (Tex. Civ. App.) 110 S. W. 526; Trustees v. Dudney (Tex. Civ. App.) 142 S. W. 1007; Adkins v. Heard (Tex. Civ. App.) 163 S. W. 127; Jennings v. Carson (Tex. Com. App.) 220 S. W. 1090; School District v. Bank (Tex. Civ. App.) 227 S. W. 974; School District v. Martine (Tex. Civ. App.) 275 S. W. 265; Nance v. Johnson, 19 S. W. 559, 84 Tex. 401.

Appellees cite Seat v. Jones (Tex. Civ. App.) 225 S. W. 208, and Bevers v. Winfrey, 260 S. W. 627, as cases supporting their contention that the district judge exercised power he possessed when he granted their prayer for an injunction. But, as we understand those cases, they rather support the conclusion reached by us as indicated above. In the Seat Case the injunction was granted a taxpayer to prevent threatened action by trustees pending an appeal by him to school authorities. In the Bevers Case the plaintiff had appealed to the school authorities, and the injunction the court held he was entitled to was to enforce orders of said authorities. In disposing of the appeal, the Court of Civil Appeals said:

"It seems to be the holding of the courts of this state that the Legislature has provided a method by which all questions affecting the administration of the school laws shall be reviewed, first, by the school authorities, giving to all aggrieved parties the right to appeal from the decisions of the subordinate boards to the highest authority within the school system."

The order of the district judge will be set aside, and an order refusing appellees relief by a temporary injunction will be entered here.