Gus Jones, Treasurer of San Angelo Independent School District, v. S. M. N. Marrs, State Superintendent of Public Instruction.

No. 4645.   Decided June 6, 1924.

(263 S. W., 570).

1.—Independent School District—Treasurer—Bank or Individual.

Article 2454, Revised Statutes, whereby only a bank could become a bidder for the custody of city funds, was modified by the Act of Feb. 18, 1909, Laws, 31st Leg., ch. 12, pp. 17-22, as to incorporated school districts, constituting article 2771, Rev. Stats., and by the Act of March 30, 1917, Laws, 35th Leg., p. 369, amending same, permitting custody of their school funds to be thus awarded to any person or corporation complying with the statute and becoming thereby treasurer or depository of such fund. (Pp. 71-78).

2.—Same—Mandamus.

A private person not engaged in banking who has been awarded on his bid custody of the school funds of an independent district and has made bond therefor in compliance with the statute, was entitled to receive from the State Superintendent of Public Instruction the warrants for the public school fund allotted to such district, and could enforce such right by mandamus against the Superintendent. (P. 78).

**3.—Statutory Construction—Implied Repeal.**

Various statutes relating to custody of school funds, and their inconsistency with the provisions of article 2454 Revised Statutes, as applied to such funds, are reviewed and held inconsistent with that article and operating as a repeal or modification thereof as to school funds.   (Pp. 71-77).

**4.—Statute—Departmental Construction.**

The construction of article 2771, Revised Statutes by the Attorney-General (Report of Attorney-General, 1912-1914, p. 162) on application of the Department of Education, though properly followed by that department till otherwise settled by judicial decision, is not binding on the courts, and being here held incorrect is not followed.   (Pp. 70, 77).

ON MOTION FOR REHEARING

**5.—Case Distinguished.**

The refusal of the Supreme Court, without written opinion, to grant leave to file petition for mandamus in the case of Fitzgerald v. Doughty, is held to imply no ruling adverse to the present opinion, and the cases are distinguished.   (Pp. 78, 79).

Original application by Jones to the Supreme Court for writ of mandamus against Marrs as State Superintendent of Public Instruction.

The Supreme Court having referred the application to the Commission of Appeals, Section B, for its opinion thereon, here adopts same and grants the writ of mandamus as there recommended.

*W. C. Blanks,* for relator.

*W. A. Keeling,* Attorney-General, and *Jno. C. Wall* and *Frank M. Kemp,* Assistants, for respondents, on effect of departmental construction, cited: Black on Interpretation of Laws, 2d Ed., p. 289, par. 92; Lewis' Sutherland on Statutory Construction, 2d., p. 886, art. 472; Moorman v. Terrell, 202 S. W., 727; Koy v. Schneider, 221 S. W., 880; Tolleson v. Rogan, 96 Texas, 424; Harris County v. Hammond, 203 S. W., 445; Hammond v. Harris County, 243 S. W., 1002; Kern River Co. v. United States, 42 Sup. Ct. Reporter, 60.

MR. JUDGE HAMILTON delivered the opinion of the Commission of Appeals, Section B.

Relator filed in the Supreme Court his petition for mandamus praying for judgment compelling the respondent, as State Superintendent of Public Instruction, to approve his bond as treasurer of the San Angelo Independent School District and to surrender to relator forthwith treasury warrants representing the per capita apportionment of $12.00 allotted to that school district out of the available school fund of the State of Texas by the State Board of Education, according to the last approved scholastic census.

The petition alleges that:

"The City of San Angelo is situated in Tom Green County, Texas, and is a body corporate and politic, containing more than 10,000 inhabitants and is incorporated under special charter, adopted August 3, 1915; a copy of which is duly of record in the office of the Secretary of State of the State of Texas, as provided by law, and as such has control over its public schools in all that territory co-extensive with its corporate limits, and, under the legal title and designation of San Angelo Independent School District, is, and was at all times mentioned in this petition, an independent school district, containing under the last approved scholastic census 2237 scholastics, entitled under the constitution and laws to the benefit of their just proportion of the available school fund set apart and apportioned under the provisions of law for the maintenance and operation of the public free schools of the State of Texas."

The petition then alleges that during the scholastic year beginning September 1, 1923, a per capita apportionment of $12.00 has been allotted out of the available school fund of the State of Texas by the State Board of Education, and, as representing such apportionment allotted to said San Angelo Independent School District, there is now in the manual custody of respondent certain treasury warrants as follows:

| No.   | Date          | Amount     |
|-------|---------------|------------|
| 3072  | Nov. 14, 1923 | $2237.00   |
| 5069  | Dec.  7, 1923 | 2237.00    |
| 7676  | Jan. 17, 1924 | 2237.00    |
| 10380 | Feb. 14, 1924 | 4474.00    |
| 13153 | Mar.  7, 1924 | 8948.00    |
| 15996 | Apr.  9, 1924 | 6711.00    |

The petition then alleges that all of said warrants are payable to the San Angelo Independent School District; that it is the duty of respondent to deliver said warrants to the depository, treasurer, or legal custodian of said San Angelo Independent School District funds entitled thereto, for the support and maintenance of the public free schools of said San Angelo Independent School District; that on the 9th day of April, 1924, pursuant to advertisement of said San Angelo Independent School District, duly and legally made and published as required by law, "requesting bids from persons or corporations for the privilege of acting as Treasurer of said independent school district, this relator made the best bid of interest on the average daily balances of said independent school district for such privilege", that he was duly and legally selected and designated as treasurer of the San Angelo Independent School District, and that he thereupon tendered to the Board of Trustees of said district his bond

with sureties in the sum of $250,000.00, being double the estimate
of receipts coming annually into his hands, payable and conditioned
as required by Article 2771 of the Revised Civil Statutes of the State
of Texas as amended in 1917; that certified copy of the bond is
attached to the petition and marked "Exhibit A" and prayed to be
made a part of the application; that the bond was duly approved on
the 10th day of April, 1924, by the school board of the San Angelo
district as shown by order of the board appended and affixed to the
bond and made a part of the application; that on the 28th day of
April, 1924, S. W. March, the duly appointed, qualified and acting
president of the San Angelo Independent School District, filed a copy
of said bond, duly certified, the same being also a triplicate original
thereof, in the office of respondent as State Superintendent of Public
Instruction, and requested the approval thereof by respondent;
that the bond is a good and solvent bond for the full amount thereof;
that respondent failed and refused to approve the same, and still
fails and refuses to do so, and has failed and refused, and still fails
and refuses, though demand has been made of him therefor, to surren-
der to relator, as treasurer of said Independent School District, the
treasury warrants belonging to said San Angelo Independent School
District; that as such treasurer of said district relator is unable to
procure said funds so apportioned and of right belonging to the
San Angelo Independent School District, unless the respondent
shall surrender to relator said treasury warrants aforesaid; that
relator is not disqualified to act as treasurer of said school district,
has not resigned, relinquished, or been removed from said office at
the time of filing his petition and is to the extent therein alleged the
duly qualified and acting treasurer of said district and has no ade-
quate remedy at law or in equity to compel the performance of res-
pondent's duty in the premises, other than by the court's writ of
mandamus; and that the failure and refusal of respondent to approve
said bond and surrender said treasury warrants aforesaid to relator
results in intolerable hardship upon, and injury to, the public free
schools of said San Angelo Independent School District.

Respondent admits that the City of San Angelo in Tom Green
County is the character of independent school district, under the
legal title of San Angelo Independent School District, alleged in the
relator's petition for mandamus; that the treasury warrants de-
scribed in said petition, payable to the San Angelo Independent
School District, are in the possession, custody and control of re-
spondent, and represent the apportionment by the State Board of
Education during the scholastic year 1923-24, apportioned to said
San Angelo Independent School District out of the available school
fund on the basis of $12.00 per capita for the scholastics in said
district; that "the treasurer's bond of relator is in due form and is

114 Tex. Sup.—5.

payable and conditioned as required by Article 2771 of the Revised
Civil Statutes of the State of Texas amended, Vernon's Sayles' 1918
Supplement, and being Section 1 of Chapter 160 of the Acts 35th
Legislature of the State of Texas, adopted March 30, 1917''; that said
relator was designated by the Board of Trustees of said San Angelo
Independent School District as treasurer thereof upon due and
proper advertisement as provided in said Article of the statute; that
the bond of the relator is in the proper amount and is good and
solvent for the amount thereof; that on the 20th day of April, 1924,
a duly certified copy and original of said bond was filed in the office
of respondent, as State Superintendent of Public Instruction, with
the request of the president of the school board of said San Angelo
Independent School District that same be approved and the treasury
warrants be thereupon delivered to said relator as Treasurer of the
San Angelo Independent School District; and that respondent
declined to approve said bond and declined to surrender to said
relator said treasury warrants, and for cause of such action on part
of respondent says that ''relator is a private person and is not a
bank, banking association, or a banker qualified under the general
depository laws to act as custodian of the school funds of such in-
dependent district.''

It was agreed by the parties that:

''On or about December 9, 1913, Honorable B. F. Looney, while
Attorney General of the State of Texas, rendered an opinion to the
effect that Section 154a of Chapter 12 of the Acts of the Regular
Session of 1909, approved February 8, 1909, which later became
Article 2771 of the Revised Statutes of 1911, was not susceptible of
a construction that would permit any other than a banking cor-
poration, an association engaged in banking, or an individual person
engaged in banking, to become a treasurer or depository of the
school fund of an independent school district of the kind described
in said Act as incorporated districts of more than one hundred and
fifty scholastics and of the like kind and character as the San Angelo
Independent School District, a copy of which said opinion is attached
hereto and marked ''Exhibit A'' and made a part hereof. That
said opinion was rendered to the State Superintendent of Public
Instruction and that the same has been continually followed and
observed by the State Superintendent of Public Instruction in the
matter of recognizing or approving any selection of a treasurer or
depository made by any independent school district of said character
from that time until the present day and in the matter of approving
or disapproving any bond of a treasurer or depository of any in-
dependent school district of said character and description.''

We have carefully considered the words ''incorporated under a
special charter'', in relator's petition, and think it clear that relator

did not mean, by the use of those words, that the City of San Angelo was incorporated under a special act of the Legislature. The language "adopted August 3, 1915" shows that such was not the meaning intended by the pleader to be given to the words "special charter". The language of the petition referring to the record of the charter in the office of the Secretary of State likewise shows that the pleader did not mean that the City of San Angelo was incorporated by a special act of the Legislature. Charters granted by special act are not "adopted", nor are they "recorded in the office of the Secretary of State". In further assurance that the words referred to do not mean that the charter was granted by special act, we find the record of the charter of the City of San Angelo in the office of the Secretary of State "adopted" "August 3, 1915", as alleged. The pleading evidently referred to the charter recorded in the office of the Secretary of State, adopted August 3, 1915.

Article 2454, Revised Civil Statutes, reads in part:

"The city council of every city in the State of Texas incorporated under the general laws thereof, or incorporated under special charter, at its regular meeting in July of each year, is authorized to receive sealed proposals for the custody of the city funds, from any banking corporation, association, or individual banker, doing business within the city that may desire to be selected as the depository of the funds of the city. The school funds, from whatsoever source derived, of incorporated cities is part of the city funds and is subject to the provisions of this chapter. . ."

The same article then provides for notice of bidding and the method of bidding, etc.

Article 2455 reads:

"Upon the opening of the sealed proposals submitted, the city council shall select as the depository of the funds of the city the banking corporation, association, or individual banker, offering to pay to the city the largest amount for such privileges; provided, however, the council shall have the right to reject any and all bids, and readvertise for new proposals. Within five days after the selection of such depository, it shall be the duty of the banking corporation, association, or individual banker, so selected, to execute a bond, payable to the city, to be approved by the mayor with the concurrence of the city council, and filed with the city secretary, with not less than three solvent sureties, who shall own unencumbered real estate in the county in which said city is located, of as great value as the amount of said bond; or said depository may make said bond in some approved fidelity and surety company, the penalty of said bond to be at least double the total revenues of the city for the preceding fiscal year, and conditioned for the faithful performance of all duties and obligations devolving by law or ordinance upon said

depository, and for the payment upon presentation of all checks drawn upon said depository by the city treasurer, whenever any funds shall be in said depository applicable to the payment of said check, and that all funds of the city shall be faithfully kept by said depository, and with the interest thereon accounted for according to law; and for a breach of said bond, the city may maintain an action in its name.''

Section 154a, added to amendments of several sections of Chapter 124 of the Acts of the Regular Session of the 29th Legislature, both the amendments and the added section being contained in Chapter 12, General Laws, passed by the 31st Legislature, 1909, pp. 17-22 and constituting Article 2771, Revised Civil Statutes, follows:

''All school districts heretofore provided for by special Act of the Legislature are hereby placed under the general laws relating to incorporated school districts, and all provisions of any and all such special Acts in conflict with the general laws are hereby specifically repealed, except in so far as those acts relate to the boundaries established by the Acts incorporating such districts. All incorporated districts having each fewer than 150 scholastics according to the latest census shall be governed in the administration of their schools by the laws which apply to common school districts and all funds of such districts shall be kept in the county treasury and paid out on order of the trustees approved by the county superintendent; provided, that the terms county treasurer and county treasury as used in all provisions of law relating to school funds shall hereafter be construed to mean the county depository, and in incorporated districts of more than 150 scholastics, whether they be cities which have assumed control of the schools within their limits or corporations for school purposes only, *the treasurer of the school funds shall be that person or corporation who offers satisfactory bond as provided by law and the best bid of interest on the average daily balances* for the privilege of acting as such treasurer, and the State Department of Education shall be notified of the treasurers of the school funds in the respective counties and independent districts by the commissioners courts and presidents of school boards filing in said department copies of the bonds of said depositories to cover school funds; provided, that no commission shall hereafter be paid for receiving and disbursing school funds.''   (Italics ours.)

It is the contention of the respondent that the depository of the San Angelo Independent School District must be a ''banking corporation, association, or individual banker'' as provided in Articles 2454-5, supra; relator contends that, under Section 154a, above quoted, he is authorized to act as treasurer of the school funds of that district.

Respondent, as stated, bases his contention on an opinion rendered by Hon. B. F. Looney, in his capacity as Attorney General of Texas, construing Section 154a, and upon the continuous acceptance and observance of that opinion by the successive State Superintendents of Public Instruction since that time in determining whether or not they would recognize treasurers or depositories of "incorporated districts of more than 150 scholastics, whether they be cities which have assumed control of the schools within their limits or corporations for school purposes only" and approve their bonds.

The opinion of the Attorney General referred to is found in the Biennial Report of the Attorney General of Texas, 1912-1914, p. 152. The portion of the opinion dealing with the question under consideration follows:

"We are furthermore of opinion that the statute referred to by you (Article 2771, Acts of 1911), is not susceptible of a construction that would permit any others than a banking corporation, associations engaged in banking, or an individual person engaged in banking, to become a treasurer or depository of this school fund.

"This statute was approved February 18, 1909, and is Section 154a of Chapter 12 of the Acts of that year, found at pages 17 to 22, Session Acts, and reads as follows:" (Here the Attorney General quoted Section 154a above quoted in this opinion.)

"It is a familiar rule of construction that all statutes enacted on the same subject constitute a code and are to be construed together. In examining the depository laws of this State, we find with reference to State funds none can become a depository of these except a bank or banking institution, that is, a national bank or a chartered State bank. Those eligible to become depositories of county and city funds must be either a banking corporation, an association engaged in banking or an individual banker. The language of the article quoted above is somewhat indefinite, and, standing alone, might bear the construction that any person, whether engaged in banking or not, could become a successful bidder; but when the act takes its place in the general scheme that was being inaugurated, creating depositories for public funds, it must be construed in harmony with the spirit and purpose of the other statutes, and when so done the language used therein, in which it is provided that the commissioners courts and presidents of school boards shall file in the Department of Education copies of all bonds of 'said depositories' to cover said school fund, becomes significant, in that it indicates that the treasurer of the school funds referred to in the preceding portion of the act means a 'statutory depository'.

"One other reason why we believe the statute contemplates that the depository should be some corporation, partnership or individual engaged in the banking business is that the fiscal transactions of

such counties, cities and school districts would be facilitated; the law contemplates a place of deposit where daily balances are kept. as distinguished from a mere loan of money. For this further reason it is the opinion of this Department that this corporation could not legally become the depository for this school district.''

We cannot agree with the conclusion reached by the Attorney General.

A depository is ''one with whom something is deposited''. A treasurer is ''an officer who receives the public money arising from taxes, duties or other sources of revenue, takes charge of it, and disburses it upon order made by the proper authority.'' Webster's New International Dictionary. The term ''depository'' is a more general term than the term ''treasurer''. It includes ''treasurer''. All treasurers are depositories but not every depository is a treasurer. Therefore, the word ''treasurer'' as used in the statute is included in the word ''depository''. The provision of Section 154a that ''the commissioners courts and presidents of school boards shall file in the Department of Education copies of all bonds of 'said depositories' to cover said school fund'' is no more than the equivalent of requiring that the commissioners courts and presidents of school boards shall file in the Department of Education copies of all bonds of said depositories and treasurers, because all treasurers are depositories and the treasurers mentioned in Section 154a are depositories.

Corporations, partnerships and individuals engaged in the banking business are not the only classes which keep ''daily balances''. Every person or corporation having control of funds into which and out of which payments are made has balances. A balance is ''an equality between the sums total of the two sides of an account.'' It also means ''the excess on either side''. Webster's New International Dictionary. As used in the statute ''balance'' means the amount of cash in the fund at a given time whether the system of bookkeeping denominates it as credit or as debit. This is true because the treasurer or depository never pays out more than he has received, as treasurer or depository. If he receives and pays out funds, the amount on hand from day to day varies. The sum on hand at the end of each day is the balance for that day. The various balances for the different days in the period for which the interest is to be paid are the daily balances for the interest period. The sum of those daily balances divided by the number of days in the interest period is the average daily balance for the interest period. Every person having funds has an average daily balance whether he calculates it or not. It is necessary to calculate it in order to pay interest on it. It can be calculated as easily if the custodian of the fund is a natural person or a corporation of any kind as if such custodian

is an association of persons of a particular vocation or a corporation of a particular kind.

The general scheme authorizing the selection of depositories by cities, towns and villages incorporated under the General Laws of Texas was provided by Chapter 123 of the General Laws of Texas passed at the Regular Session of the 29th Legislature. That Act did not include the school funds as a part of the incorporated city, town, or village fund. Chapter 124 of the General Laws of the 29th Legislature, Regular Session, undertook to provide ''for a complete system of public schools in Texas''. Both Chapters, 123 and 124, supra, were approved the same day, April 15, 1905, and became effective at the same time. At the same session of the Legislature Free Conference Bill for S. S. B. No. 43, Ch. 169, General Laws, 29th Legislature, Chapter 164, providing for a ''system'' of depositories ''for State, county and city'', was passed. This bill, also, included Chapter 123, supra, and made the provisions concerning city depositories applicable to incorporated towns and villages, just as did original Chapter 123. It likewise failed to make school funds a part of the incorporated city, town or village funds. This bill was approved May 2, 1905, and became effective at the same time Chapters 123 and 124, above referred to, became effective.

While neither of the depository bills made any provision for school funds, Chapter 124, providing for a complete system of education in Texas, made exact provisions for the custody of school funds. It provided for trustees for the schools of all cities and towns which had theretofore, under Act of May 2, 1875. or any subsequent law, assumed control of the public free schools within their limits and for ''trustees of towns and villages that had then or might thereafter be incorporated for school purposes only''. Both classes of schools are designated ''independent school districts'' by the terms of the statute. Section 165 of that Chapter, 124, was as follows:

''The trustees chosen under this act shall meet within twenty days after the election, or as soon thereafter as possible, for the purpose of organizing. A majority of said board shall constitute a quorum to do business; and they shall choose from their number a president; and they shall choose a secretary, a treasurer, assessor and collector of taxes, and other necessary officers and committees. The treasurer shall be required to give bond in double the estimated amount of the receipts coming annually into his hands. Said bond shall be made payable to the president of the board, or his successor in office, and be approved by the board of trustees, conditioned for the faithful discharge of his duties and the payment of the funds received by him upon the draft of the president, drawn upon order, duly entered, of the board of trustees; and he shall be entitled to

retain as commission for his services as such treasurer not exceeding one per cent of all funds coming into his hands, as ordered by the board; provided, that in cities having more than ten thousand population the board shall appoint as treasurer *the person or corporation who offers satisfactory bonds as herein provided, and the best bid of interest on average daily balance* for the privilege of acting as such treasurer, and provided further, that no commission shall be allowed in such cases for services as treasurer; provided further, that in independent districts having less than ten thousand population the board of trustees may appoint such treasurer as provided for towns of more than ten thousand population and under the same provisions; provided, that in independent school districts in cities and towns having a city assessor and collector of taxes, such assessor and collector of taxes shall assess and collect the taxes for school purposes; provided, that in cities and towns having an assessor and collector of taxes the levy of taxes for school purposes shall be based upon the same assessment of property upon which the levy for other city purposes is based. It is further provided, that in such cities and towns the assessor and collector of taxes shall receive no other compensation for collecting school taxes than the compensation paid him for assessing and collecting city taxes, and taxes for school purposes in such cities and towns shall be assessed and collected as other city taxes are assessed and collected; provided further, that when a majority of the board of trustees of an independent school district prefer to have the taxes of their district assessed and collected by the county assessor and collector, same shall be assessed and collected by said county officers, and *turned over to the treasurer of the independent school district* for which such taxes have been collected; provided, that the property of such districts having their taxes assessed and collected by the county assessor and collector, shall not be assessed at a greater value than that assessed for county and State purposes.

"Provided further, that when the county assessor and county collector are required to assess and collect the taxes of independent school districts, they shall, respectively, receive one per cent for assessing and collecting same.

"The provisions of this act shall not be applicable to cities of ten thousand inhabitants or more which have been granted special charters by the State, by the terms of which charters the treasurer of the city is ex officio treasurer of the school board, in so far as conflicting with the terms of said charters." (Italics ours).

It is observed that the above quoted section provides that:

"*****in cities having more than ten thousand population the board *shall appoint as treasurer the person or corporation who offers satisfactory bonds as herein provided, and the best bid of interest*

*on average daily balance for the privilege of acting as such treasurer,* and\*\*\*\*in independent districts having less than ten thousand population the board of trustees may appoint such treasurer as provided for towns of more than ten thousand population and under the same provisions.'' (Italics ours.)

That provision continued to be the law until House Bill No. 309, an Act to amend Section 34 of Chapter 164, above referred to, being Chapter 61 of the General Laws of the 30th Legislature, was passed in 1907, constituting Art. 2454, the parts of which essential to this case are set out above. This Act is in the exact language of Chapter 123 and Sec. 34 of Chapter 164, of the General Laws of the 29th Legislature, above referred to, except that it inserts these words: ''The school funds, from whatsoever source derived, of incorporated cities is part of the city funds and is subject to the provisions of this Act''. The enactment of that chapter containing the language just quoted had the effect of repealing that provision of Section 165 Chapter 124 of the General Laws of the 29th Legislature providing for treasurers of school funds to which special attention is called above.

This is necessarily so because the provisions are repugnant to and irreconcilable with each other.

Said Section 165 provided that the treasurer of school funds shall be chosen by the school board; Art; 2455 declares that the city depository shall be selected by the city council. Said Section 165 provided that the school treasurer shall be a ''person or corporation''; Art. 2455 says the city depository shall be a ''banking corporation, association, or individual banker doing business in the city''. Said Section 165 said that the treasurer of school funds shall be the person or corporation who offers satisfactory *bond as herein provided,* and *the best bid of interest on average daily balance;* Art. 2455 says the depository for city funds shall be the banking corporation, association or individual banker offering to *pay to the city the largest amount.* Said Section 165 provided that the treasurer shall be required to give ''bond in double the estimated amount of the receipts coming annually into his hands. Said bond shall be made payable to the president of the board, or his successor in office, and be approved by the board of trustees, conditioned for the faithful discharge of his duties and the payment of the funds received by him upon the draft of the president, drawn upon order, duly entered, of the board of trustees\*\*\*''. Art. 2455 provides that the city depository shall ''execute a bond payable to the city, to be approved by the mayor with the concurrence of the city council, and filed with the city secretary, with not less than three solvent sureties, who shall own unencumbered real estate in the county in which said city is located, of as great value as the amount of said bond; or said

depository may make said bond in some approved fidelity and surety company, the penality of said bond to be at least double the total revenues of the city for the preceding fiscal year, and conditioned for the faithful performance of all duties and obligations devolving by law or ordinance upon said depository, and for the payment upon presentation of all checks drawn upon said depository by the city treasurer,***''.

These conflicting provisions of the two statutes are irrecencilable. Art. 2454 being the later enactment, repealed the provisions of said Section 165 in so far as it provided for treasurers of school funds.

So after the enactment of Chapter 61, General Laws, 1907, Article 2454, the law required all school funds of cities to be placed in and handled by the city depository which, by the terms of the statute, must be "a banking corporation, association, or individual banker, doing business within the city", until the provision was repealed. It was repealed by Section 154a of Chapter 12 of the General Laws, approved February 18, 1909, set out above.

It is observed that said Section 154a provides that:

"***in incorporated districts of more than 150 scholastics, whether they be cities which have assumed control of the schools within their limits or corporations for school purposes only, the *treasurer of the school funds shall be that person or corporation who offers satisfactory bond as provided by law and the best bid of interest on the average daily balances for the privilege of acting as such treasurer.*" (Italics ours)

This was but a substantial reinstatement of that provision of Section 165, of Chapter 124, General Laws, 1905, pertaining to treasurers of the school funds of cities, repealed by the enactment of Chapter 61, General Laws of 1907, Art. 2454, Revised Civil Statutes, above quoted. It repealed that part of Chapter 61 above quoted as having been inserted in the depository law as passed in 1905 by amendment passed by the 30th Legislature in 1907. If Chapter 61, General Laws 1907 repealed that provision of Section 165 of Chapter 124 providing that "in cities having more than ten thousand population the board shall appoint as *treasurer the person or corporation who offers satisfactory bonds as herein provided, and the best bid of interest on average daily balance for the privilege of acting as such treasurer*," then Section 154a of Chapter 12, General Laws, 1909, providing that "in incorporated districts" including "cities which have assumed control of the schools within their limits****the treasurer of the school funds shall be *that person or corporation who offers satisfactory bond as provided by law and the best bid of interest on average daily balances for the privilege of acting as such treasurer*" repealed all that portion of Chapter 61 General Laws, 1907, pertaining to depositories for school funds "in cities which have

assumed control of the public schools within their limits". (Italics ours) The provisions of said Chapter 61 would still apply to school funds of cities which have not assumed control of the public schools within their limits, if there are any such. The converse is true. If Section 154a did not repeal said Chapter 61 in so far as it made the city school funds subject to the city depository laws, then Chapter 61 did not repeal the provisions of Section 165 of Chapter 124 of the General Laws of 1905 concerning treasurers of school funds of cities which had or since have assumed control of their schools. In either case, in cities "which assumed control of the schools within their limits", the law provided that the treasurer of the school funds shall be *that person or corporation offering bond as required by law and the best bid of interest on the average daily balance.*

In addition to this Section 154a, old Article 2771, Revised Civil Statutes 1911 was amended by Chapter 160, General Laws 35th Legislature, 1917, p. 369, Vernon's Civil Supp. 1918, so that it now reads:

"In an independent district of more than 150 scholastics, whether it be a city which has assumed control of the schools within its limits or a corporation for school purposes only, the treasurer of the school fund shall be that person or corporation who offers satisfactory bond and the best bid of interest on the average daily balances for the privilege of acting as such treasurer. The treasurer when thus selected shall be required to serve until his successor shall have been duly selected and qualified, and he shall be required to give bond in double the estimated amount of the receipts coming annually into his hands. Said bond shall be made payable to the president of the board and his successors in office, conditioned for the faithful discharge of the treasurer's duties and the payment of the funds received by him upon the draft of the president of the school board drawn upon order duly entered of the board of trustees. Said bond shall be further conditioned that the treasurer shall safely keep and faithfully disburse all funds coming into his hands as treasurer, and shall faithfully pay over to his successor all balances remaining in his hands. It shall be approved by the school board and the State Department of Education shall be notified of the treasurer by the president of the school board filing a copy of said bond in said department."

As above shown, this statute "providing for a complete system of schools" authorizes the selection of the treasurer of independent school funds by the board of trustees; Art. 2455 authorizes the selection of the depository of the city funds by the city council. Amended Article 2771, just above set out, says that in an independent district the treasurer of the school fund shall be a "person or corporation"; Art. 2455 provides that the treasurer of the funds of

the city shall be a "banking corporation, association, or individual banker". Said Art. 2771 declares that the bond of the treasurer of independent school district funds shall be "satisfactory" and shall be payable to the "president of the school board and his successors in office"; Art. 2455 says that bond of the city depository shall be payable to the city. Said Art. 2771 says that the treasurer of independent school district funds shall be required to give bond approved by the school board in double the estimated amount of receipts coming into his hands; Art. 2455 provides that. the city depository shall be required to execute a bond to be approved by the mayor with the concurrence of the city council, and filed with the city secretary, with not less than three solvent sureties, who shall own unencumbered real estate in the county in which said city is located of as great value as the amount of said bond or by some fidelity and surety company. Said Art. 2771 provides that the bond of the treasurer of independent school district funds shall be conditioned for the faithful discharge of the treasurer's duties and the payment of the funds received by him upon the draft of the president of the school board drawn upon order duly entered of the board of trustees; Art. 2455 says that the bond of the city depository shall be conditioned for the faithful performance of all duties and obligations devolving by law or ordinance upon said depository and for the payment upon presentation of all checks drawn upon said depository by the city treasurer****. Said Art. 2771 provides that the treasurer of independent school district funds shall be that person or corporation offering *"the best bid of interest on the average daily balances for the privilege of acting as such treasurer"*; Art. 2455 provides that the depository of the city shall be the banking corporation, association or individual banker offering *"to pay the largest amount for such privileges"*. (Italics ours).

That the above divergent provisions of the statutes governing city depositories and treasurers of independent school districts are repugnant beyond the possibility of reconciliation is so clear that discussion of them is totally unnecessary. The different conditions of the awards as shown by the last two sentences in the series contrasted by juxtaposition are sufficient to render the two statutes irreconcilable independently of the remaining multiplied irreconcilable provisions.

Discussing amended Article 2771, Vernon's Civ. Supp. 1918, in Donna Independent School District v. First State Bank, 227 S. W., 974, Fly, C. J., said:

"It will be noted that the law does not state that the person or corporation named as treasurer or depository of the school district fund shall be that one who offers a satisfactory bond and the 'highest bid of interest,' for that would deprive the board of the exercise of discretion, but the law says 'the best bid of interest', and the

right to judge of what is the best bid is lodged in the hands of the board of trustees. The best bid would not necessarily be the highest bid, but looking to the solvency of the bidder, the bond tendered and all the circumstances surrounding the transaction, the safety and preservation of the school fund, the best bid might be the lowest bid, as it was deemed to be by the board of trustees in this instance.''

As to the practical construction of the provision by the departments of government insisted on by respondent, we have to say that no such construction in accordance with his contention has been shown to have been made by any department other than the Attorney General's Department. The Department of Education has followed the construction given by the Attorney General's Department, and rightly so. It is made the duty of the Attorney General to advise other departments of the government on matters of law when they apply to that department for legal advice in the manner and form prescribed by law and it is proper that such advice be followed by the departments. But, where the meaning of a statute construed by that department is not doubtful such construction cannot ripen, if it ever can, into a rule binding on the courts.

It is well known that independent school districts may be located remote from cities, towns, ''banking corporations, associations or individual bankers doing business within the city'', and may be situated far out in the country. To insist that the treasurer shall be a ''banking corporation, association or ·individual banker doing business within the city'' is to deprive, in some cases, such a district of a treasurer. Everything in the statute, Section 154a, above referred to, and its amendment by the Act of 1917, as shown by Article 2771, Vernon's Sayles' Revised Civil Statutes, 1918, that is applicable to a city is applicable to a country independent school district. If ''person or corporation'' as used therein means a person or corporation engaged in the banking business when referring to a ''city which has assumed control of the schools within its limits'' then those words mean a ''banking corporation, association or individual banker'' when referring to ''an independent district of more than 150 scholastics'' wherever located. We do not think those words mean ''a banking corporation, association, or individual banker'' when referring to any independent school district, whether such independent school district be a city which has assumed control of its schools or an independent district located in the country where there are no banks or individuals engaged in the banking business.

The City of San Angelo was an independent school district as ·shown by the agreed Statement of Facts. The present charter of San ·Angelo adopted on the date above noted, August 3, 1915, was authorized by Chapter 147, General Laws 33rd Legislature, 1913, which specially provides for the assumption of the control of schools

by cities. This charter continues the independent school district of San Angelo; vests the control and management of the schools in a board of trustees; constitutes that board a body corporate and politic; prescribes the officers thereof and the manner of their election. This charter provides that "all available school funds*****shall be paid over directly to the treasurer of the Board of Education who shall issue proper receipts therefor and the commission of the City of San Angelo shall have no power or control over said funds". This charter provision is but a repetition of the provisions of Art. 2882, Revised Civil Statutes, pertaining to cities which have assumed control of their schools.

Section 30 of said Chapter 147 provides that when a charter or amendment thereof is adopted thereunder, it shall be recorded in the office of the Secretary of State and "shall be deemed a public act and all courts shall take judicial notice of same and no proofs shall be required of same".

Therefore, we recommend that the application for writ of mandamus be granted and that the Supreme Court issue its writ commanding respondent S. M. N. Marrs, as State Superintendent of Public Instruction, to pay to relator Gus Jones, as treasurer of the San Angelo Independent School District, all of the available school funds due said district as ascertained by the scholastic population of said district for the current year and by the apportionment of said fund as made by the Board of Education.

### ON MOTION FOR REHEARING

We do not deem it necessary to write anything further for publication in this case.

The Attorney General's motion for rehearing in this cause is based upon his contention that the judgment in the instant case is "in direct conflict with a former opinion of the Supreme Court of Texas in the case of J. W. Fitzgerald, et al. relators v. W. F. Doughty, Superintendent of Public Instruction, respondent, being No. 3387 and decided by the Supreme Court of Texas in March, 1915".

No opinion was ever written in the last named case. A motion therein for permission to file a petition for writ of mandamus was refused without comment. Whether the court's refusal of the motion for permission to file the petition for mandamus was because of the insufficiency of the petition is not disclosed by the record.

But, if the court had granted permission to file the application and had denied the writ in the Fitzgerald case, there would have been no conflict between that and the judgment entered in this case. In that case, relators sought to compel respondent to recognize the "Tyler Building and Loan Association as the treasurer of the Tyler school board", alleging that it is a corporation, etc., and that the

charter states that "it is organized for the purpose of buying and selling real estate, the erection, renting and leasing of buildings, and the loan of money for the mutual profit and benefit of its members." In the instant case the petition seeks to compel the State Superintendent of Public Instruction to recognize Gus Jones, a natural person, as treasurer of the San Angelo Independent School District. The opinion in this case does not hold that every corporation may serve as treasurer of an independent school district. It does not hold that any corporation may serve as such treasurer. No such question was in the case. It merely holds that Gus Jones, a natural person, is authorized by amended Article 2771 to serve as treasurer of the San Angelo Independent School district and that he is not precluded from serving as such treasurer by Article 2454, which prescribes that the depositories of cities incorporated under general laws or under special charter shall be banking corporations, associations or individual bankers doing business within the cities.

We recommend that the motion for rehearing be overruled.

The opinion of the Commission of Appeals is adopted and mandamus awarded.

*Thos. B. Greenwood*, Associate Justice.
*William Pierson*, Associate Justice.
*Chief Justice Cureton* not sitting.