

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 12, 1959

Honorable William A Harrison
Commissioner of Insurance
State Board of Insurance
Austin, Texas

Opinion No. WW-684

Re: Must accident and health insurance policies issued by mutual insurance companies subject to the provisions of Chapter 11, Texas Insurance Code, be on a participating dividend basis.

Dear Commissioner Harrison:

We quote from your letter as follows:

"As legal reserve mutual life insurance companies were given the authority in 1947 to write accident and health insurance policies 'subject to the provisions of this chapter', it appears to us that such accident and health insurance policies must be on a participating dividend basis in accordance with Articles 11.11, 11.12, and 11.13 of the Code. However, we find that the departmental practice since 1947 has been not to require accident and health insurance policies issued by legal reserve mutual life insurance companies to contain participating dividend provisions.

"We, therefore, respectfully request your opinion as to whether a legal reserve mutual life insurance company may issue accident and health insurance policies which do not contain participating dividend provisions in accordance with Chapter 11, Texas Insurance Code, or must all such policies issued by a legal reserve mutual life insurance company within this State contain participating dividend provisions?"

You are hereby advised that all policies issued by a legal reserve mutual life insurance company subject to the provisions of Chapter 11 (which we have held in WW-682 to mean domestic mutuals only), whether they be combined or separately, life, health and accident insurance policies, must contain participating dividend provisions.

As originally passed, what is now Chapter 11 of the Texas Insurance Code, authorized domestic mutual insurance companies to transact only a life insurance business.

In 1947 the Legislature by the passage of S.B. 293, Acts 1947, 59th Leg., p. 532, ch. 312, § 1, authorized domestic legal reserve mutual companies to write health and accident insurance for the first time. The caption of that Act stated:

> "An Act amending Article 4800, Revised Civil Statutes of Texas, 1925, so as to authorize a mutual life insurance company to also issue, combined or separately, life, health, and accident insurance policies;. . ."

Section 1 of S.B. 293 contained among other things the following language:

> ". . .and any such company, heretofore or hereafter created, may issue, combined or separately, life, health, and accident insurance policies, subject to the provisions of this chapter. . ." (Emphasis added)

This language is now set forth in Section 1 of Article 11.01, Texas Insurance Code.

What is now Article 11.13, which was in existence at the time of the passage of S.B. 293 and is without question one of the "provisions of this chapter" mentioned in Article 11.01, reads as follows:

> "Mutual life insurance companies are authorized to transact business throughout this State and other states to which they may be admitted; they may issue no policy except upon the participating plan with dividends payable annually as provided in this chapter;. . ."

In reading the entirety of Chapter 11 of the Insurance Code, and doing so in conjunction with the historical background of the various enumerated provisions, it is apparent that the Legislature in authorizing domestic life insurance companies to write accident and health insurance policies desired these companies to issue no policy other than those providing for participating dividends. Had the Legislature desired to exempt the health and accident policies from the provisions of Article 11.13 of the Texas Insurance Code, they could have easily done so. Not having done so, the requirement therein contained must be controlling.

We note from your opinion request that you make reference to certain departmental construction which is at variance with the conclusions reached herein. You are advised that since the language of Chapter 11 is

Commissioner William A. Harrison, page 3 (WW-684)

unambiguous in its requirements, the above mentioned departmental construction is not controlling. Jones v. Marrs, 114 Tex. 62, 263 S.W. 570; State v. Texas Mutual Life Insurance Company (Tex. Civ.App.) 51 S.W.2d 405, reversed (Comm. App.) 58 S.W.2d 37; Brown v. City of Amarillo, (Tex. Civ.App.) 180 S.W.654, error ref.

It is noted in passing that Article 11.19 of the Texas Insurance Code provides as follows:

"The provisions of Chapter 3 of this Code, when not in conflict with the Articles of this Chapter, shall apply to and govern mutual life insurance companies organized under the provisions of this Chapter; provided, however, that when any mutual life insurance company organized under the provisions of this Chapter has a surplus equal to or greater than the minimum of capital and surplus required of capital stock companies under the provisions of Article 3.02 of Chapter 3, Insurance Code of the State of Texas, Revised Civil Statutes of Texas of 1925, the following provisions of Chapter 11 only shall apply to such mutual companies: 11.01, 11.02, 11.03, 11.04, 11.05, 11.06, 11.07, 11.09, 11.10, 11.11, 11.12, 11.14, 11.16, 11.17, 11.18 and 11.19. On all other matters the provisions of said Chapter shall apply to and govern such mutual life insurance companies. As amended Acts 1955, 54th Leg., p. 546, ch. 171, § 1."

In reading Article 11.19 it is noted that any reference to Article 11.13 is omitted therein; thus, indicating that the Legislature did not intend to restrict those mutuals, which can qualify under the proviso of Article 11.19 to the requirements of Article 11.13. Consequently, a domestic mutual life insurance company which has been organized under the provisions of Chapter 11 but which has a surplus equal to or greater than the minimum of capital and surplus required of capital stock companies under the provisions of Article 3.02 of Chapter 3 of the Insurance Code, need not comply with the participating dividend plans payable annually as required under Article 11.13. This caveat has been prompted by the language of your opinion request wherein you ask if all policies issued by a legal reserve mutual life insurance company within the State of Texas must contain a participating dividend provision. You are advised that Article 11.19 would operate as an exception to the general requirement of Article 11.13.

Commissioner William A. Harrison, page 4 (WW-684)

SUMMARY

Accident and health insurance policies issued by domestic mutual insurance companies subject to the provisions of Chapter 11, Texas Insurance Code, must be on a participating basis unless they come within the exception of Article 11.19.

Yours very truly,

WILL WILSON
Attorney General of Texas

By
C. Dean Davis
Assistant Attorney General

CDD:jg

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

Linward Shivers
W. O. Schultz
James P. Ryan

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    W. V. Geppert